IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILLY CARROL SMITH, JR.                                             PLAINTIFF

        v.                          CIVIL NO. 16-5304

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                   DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Billy Carrol Smith, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provision of Title II of the Social Security Act (Act). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on September 19, 2013, alleging an inability to work since May 29, 2012, due to problems with his back, neck, and right arm, diabetes, arthritis, asthma, enlarged prostate, depression, allergies, numbness in his hands and arms, heel pain, neuropathy in his feet, irritable bowel syndrome, and migraines. (Tr. 69, 238, 256-257). An administrative video hearing was held on January 12, 2015, at which Plaintiff appeared with counsel and testified in Fayetteville, Arkansas, and the ALJ presided over the hearing from Fort Smith, Arkansas. (Tr. 91-120).

By written decision dated August 10, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 65).

Specifically, the ALJ found Plaintiff had the following severe impairments: musculoskeletal disorder (back disorder, degenerative disc disease) (7240); endocrine disorder (diabetes mellitus with peripheral neuropathy) (2500/3570); special/other disorder (obesity) (2780); respiratory disorders (asthma) (4930) and (sleep apnea) (7800); and mental disorders (mood/affective disorders, depression, anxiety) (2780/3000). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 66-68). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except as follows: The claimant can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of at least two hours in an eight hour workday. The claimant can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. The claimant must avoid hazards and concentrated exposure to pulmonary irritants. The claimant can perform simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed, and can respond to supervision that is simple, direct, and concrete.

(Tr. 68). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a circuit board inspector, addressing clerk, and document preparation clerk. (Tr. 73-74).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 26, 2016. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 28th day of March, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE